*In re* UNION INDEMNITY CO.

1. Insurance—Foreign Companies—Ancillary Receivers—Appointment—Estate to Administer.
   A court of this State lacks authority to appoint an ancillary receiver for a foreign insurance company where all assets of the company have previously been transferred to the domiciliary receiver and no suit is pending either for or against the company (3 Comp. Laws 1929, § 12263, as amended by Act No. 249, Pub. Acts 1933; § 12270; Act No. 256, pt. 1, chap. 3, § 9, as added by Act No. 249, Pub. Acts 1933).

2. Costs—Construction of Statute—Insurance—Receivers.
   No costs are allowed in controversy between receiver appointed by the Ingham circuit court for a foreign insurance company and an ancillary receiver appointed by the Wayne circuit court where the construction of a statute is involved (3 Comp. Laws 1929, § 12263, as amended by Act No. 249, Pub. Acts 1933; § 12270; Act No. 256, pt. 1, chap. 3, § 9, as added by Act No. 249, Pub. Acts 1933).

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 11, 1943. (Docket No. 64, Calendar No. 42,294.) Decided November 29, 1943.

Petition by Commissioner of Insurance, as receiver of Union Indemnity Company; for leave to intervene and to set aside the appointment of Dewey Morrisey as ancillary receiver of Union Indemnity Company, appointed by the Wayne Circuit Court. Petition denied. Petitioner appeals. Reversed.

*Samuel Saks* (*Samuel D. Frankel,* of counsel), for Commissioner of Insurance.

*Butzel, Levin & Winston* (*Edward D. Quint,* of counsel), for Dewey Morrisey.

SHARPE, J. Prior to January 6, 1933, the Union Indemnity Company, a Louisiana corporation, was doing an insurance business in Michigan and was subject to the then existing insurance laws. Act No. 249, Pub. Acts 1933, became effective in July, 1933, and will be referred to later.

Prior to January 12, 1933, the above corporation became insolvent and domiciliary receivers had been appointed in Louisiana. On the above date, the circuit court of Wayne county appointed Dewey Morrisey ancillary receiver of the above company. Morrisey qualified and proceeded to administer the receivership estate to the extent that such estate was located in Michigan. On June 30, 1936, an order was entered in the Wayne county circuit court discharging Dewey Morrisey as ancillary receiver, cancelling his bond and requiring him to assign all accounts receivable to the domiciliary receivers. In December, 1936, the domiciliary receivership was closed and the receivers discharged.

Among the claims assigned by the ancillary receiver to the domiciliary receiver was one in the sum of $27,500 against the Pontiac Commercial & Savings Bank. In 1939, a dividend check in the sum of $5,521.51 payable to Dewey Morrisey ancillary receiver was received by Morrisey. It represented a 20 per cent. dividend paid by the Pontiac bank on claims. The former domiciliary receivers were notified of the check and they in turn advised Dewey Morrisey that the domiciliary receivership had been terminated and the remaining assets sold. It developed that the claim of the Union Indemnity Company against the Pontiac bank had been offered for sale on August 17, 1936; and that the alleged purchaser of this claim was the Union Building Corporation, a Louisiana corporation, which thereafter assigned the claim to Mary Phene Veters.

On March 30, 1940, Dewey Morrisey filed a petition in the circuit court of Wayne county for instructions. On the same date, an order was entered reappointing Dewey Morrisey ancillary receiver of the Union Indemnity Company; and he was instructed to deposit the check with the clerk of the court of Wayne county. In February, 1941, the receiver of the Pontiac Commercial & Savings Bank filed a petition in the Wayne circuit court praying for the return of the check, claiming that the check was issued without knowledge that the ancillary receiver had been discharged in 1936. On July 21, 1941, an order was entered in the Wayne circuit court ordering the fund returned to the receiver of the Pontiac bank, which order was promptly complied with.

On December 4, 1941, the insurance commissioner of Michigan was appointed receiver of the Union Indemnity Company by the circuit court of Ingham county and on the same day the insurance commissioner appointed Frank M. Cordero to act as deputy

receiver of the above company.  On September 25, 1942, Frank M. Cordero, deputy receiver, filed a petition in the circuit court of Wayne county to set aside the order appointing Dewey Morrisey as ancillary receiver of the above company on the theory that the court had no authority to make such an appointment.  On November 13, 1942, the trial court denied this petition.

Frank M. Cordero, as deputy receiver by appointment of the Ingham circuit court, appeals and contends that the circuit court of Wayne county lacked jurisdiction to enter the order of March 30, 1940, purporting to reappoint Dewey Morrisey as ancillary receiver.  It is urged by Frank M. Cordero that the trial court lacked jurisdiction to reappoint Dewey Morrisey as an ancillary receiver, as an ancillary receiver could not exist independent of the domiciliary receiver; that the reappointment of Dewey Morrisey as ancillary receiver constituted the creation of a new receivership, and, therefore, came within the prohibition of 3 Comp. Laws 1929, § 12270 (Stat. Ann. § 24.47), and Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 12270-1, Stat. Ann. § 24.48), which requires all applications for the appointment of a receiver of a foreign insurance corporation to be filed in the circuit court of Ingham county on the application of the insurance commissioner or of the attorney general on his relation.

The record shows that on March 30, 1940, Dewey Morrisey filed a petition in the circuit court of Wayne County for instructions.  The petition shows that on January 12, 1933, he was appointed ancillary receiver of the Union Indemnity Company; that on June 30, 1936, an order was entered in the Wayne circuit court allowing the supplemental final

account of Dewey Morrisey as such ancillary receiver; that he was discharged as such ancillary receiver and his bond cancelled; and that the above order provided:

"Paragraph 4. Said receiver is hereby authorized and directed to make, execute, and deliver to Clay W. Beckner and S. Sanford Levy, domiciliary receivers of Union Indemnity Company, appointed by the civil district court for the parish of Orleans, State of Louisiana, an assignment of all accounts receivable remaining in the Michigan estate of said Union Indemnity Company and to further transmit and deliver to the said domiciliary receiver any moneys and any other property belonging to said estate remaining in his possession."

The petition also shows that pursuant to the above provision, he transmitted to the domiciliary receivers all funds in his possession; that among the assets so transferred was a claim against the Pontiac Commercial & Savings Bank, which claim had previously been allowed in the sum of $55,215.15 but had later been adjusted whereby the claim of Union Indemnity Company was established at the sum of $27,500; that approximately three years after Dewey Morrisey had been discharged as ancillary receiver, he received a check from the Pontiac bank for the sum heretofore mentioned; that the check received from the Pontiac bank recited that the sum showing on the face of the check represented dividend No. 6 for 20 per cent. of the claim; and that subsequent to the receipt of the above check, Morrisey notified the domiciliary receivers of the Union Indemnity Company of its receipt and was in turn advised by one of the former domiciliary receivers that the receivership of the Union Indemnity Company was closed in December, 1936.

In our opinion the chancery court of Wayne

county lacked jurisdiction to reappoint Dewey Morrisey ancillary receiver on March 30, 1940. At the time this appointment was made, the court had before it the files and records of the original ancillary receivership. The court knew that Dewey Morrisey had been discharged as ancillary receiver more than three years prior thereto; and that there was no suit pending in Wayne county either for or against the Union Indemnity. Company. Under such circumstances, the appointment was a nullity and the order making such reappointment is set aside. No costs are allowed as the construction of a statute is involved.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, and BUSHNELL, JJ., concurred with SHARPE, J. BUTZEL, J., did not sit.